**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH**

TORI T. CURTIS                                                                            PLAINTIFF

v.                                              CIVIL ACTION NO. 5:16-CV-P60-GNS

MICHAEL T. BRADFORD *et al*.                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a civil rights action brought by *pro se* Plaintiff Tori T. Curtis pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

**I. SUMMARY OF COMPLAINT**

Plaintiff is a convicted prisoner who is incarcerated at Kentucky State Penitentiary (KSP). He names four KSP officials as Defendants – Michael T. Bradford, Samantha M. Paris, William B. Morrison, and Warden Randy White. He sues these officials in both their individual and official capacities.

Plaintiff alleges that on March 8, 2016, he and another inmate were taking a shower in the shower house at KSP. He states that Defendant Bradford was watching the shower house at this time. Plaintiff alleges that Defendant Bradford subsequently issued him a disciplinary write-up. The write-up states as follows:

> On March 8, 2016 at approximately 10:50 AM, Officer Michael Bradford was working the shower house. Officer Bradford saw Inmate . . . approach [Plaintiff] and kiss him on his right shoulder while they were in the back of the shower with no clothes on.

Defendant Samantha Paris investigated this write-up and issued an investigative report. Her report reflects that when she read the write-up to Plaintiff, he reported that he had a "prior incident" with [Defendant Bradford] and "didn't know if this was 'trying to get back.'" Defendant Paris's report indicates that she then spoke to Defendant Bradford who said that he observed an inmate standing behind Plaintiff in the showers and that this inmate "leaned over and kissed" Plaintiff's shoulder.

The record reflects that Plaintiff had an adjustment committee hearing, led by Defendant Morrison, in which he pled not guilty to the charge against him on March 25, 2016. Plaintiff was found guilty by the committee based upon Defendant Bradford's write-up and Defendant Paris's investigative report. Plaintiff was sentenced to 90 days in disciplinary segregation.

Plaintiff appealed the adjustment committee's decision to Defendant Warden White. In his appeal, Plaintiff stated that nothing had happened in the shower and that Defendant Bradford "had a conflict with [Plaintiff] due to [Plaintiff] filing a PREA against [Defendant] Bradford approx. two (2) months earlier. That this 'was a get back' (Retaliation)." Plaintiff also argued that the write-up itself reflected that another inmate had done something to Plaintiff, not that Plaintiff himself had engaged in any sexual activity. Despite these arguments, Defendant White upheld the committee's decision.

Plaintiff claims that his constitutional rights have been violated by Defendants because he was "locked up in the hole" and then sentenced to 90 days in segregation for misconduct that he did not commit. He also states that he has named Defendant White as a defendant because he "had the control to stop his correctional officers from locking [Plaintiff] up to begin with." Plaintiff also claims that Defendant White "threw out" Plaintiff's write-up after Plaintiff had served "seventy something days in segregation" because "he was served a summons." Finally,

Plaintiff reiterates that he believes Defendant Bradford filed the original write-up against him in retaliation for Plaintiff filing "a PREA . . . on him months before this write-up."

As relief, Plaintiff seeks $80,000 in money damages and $310,000 in punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is an inmate seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this

standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991),

#### A. OFFICIAL-CAPACITY CLAIMS

Plaintiff sues all four Defendants in their official capacities. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because all Defendants are employees or officers of the

4

Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, because Plaintiff only seeks monetary damages, his official-capacity claims against Defendants will be dismissed.

## B. RESPONDEAT SUPERIOR

Plaintiff states that one reason he is suing Defendant White is because, as Warden, he is responsible for the actions of his employees. However, the doctrine *of respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 691 (1978); *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see Shehee v. Luttrell*, 199 F.3d at 300 (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, to the

extent that Plaintiff seeks to hold Defendant White liable based upon his role as a supervisor at KSP, his claim fails.

## C. DUE PROCESS

All of Plaintiff's claims against Defendants revolve around their participation in disciplinary proceedings against him. More specifically, Plaintiff seems to claim that Defendant Bradford wrongfully charged him with misconduct; that Defendant Paris inadequately investigated this charge, that Defendant Morrison wrongfully found him guilty of this charge; and that Defendant White wrongfully refused to overturn his conviction. Each of these claims falls under the Due Process Clause of the Fourteenth Amendment.

To state a Fourteenth Amendment due process claim, an inmate must allege a deprivation of a liberty interest protected by the Due Process Clause. To determine whether segregation of an inmate from the general prison population involves the deprivation of a protected liberty interest, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Generally, no liberty interest in remaining free from disciplinary segregation will be found. *Id.* at 484. Therefore, because Plaintiff's punishment for the conduct he was convicted of was 90 days in disciplinary segregation, Plaintiff's claims against these Defendants under the Due Process Clause must fail.

## D. RETALIATION

However, Plaintiff also claims that Defendant Bradford wrongfully charged him with misconduct because Plaintiff had filed a Prison Rape Elimination Act (PREA) claim against him a few months earlier and that the misconduct charge was ultimately dismissed. The Court will

6

allow Plaintiff's retaliation claim to proceed against Defendant Bradford in his individual capacity.

## IV. ADDITIONAL MOTIONS

The Court notes that Plaintiff has also filed two additional motions titled "motion for venue change, name change of defendant" (DNs 12 & 14). In each of these motions, Plaintiff seeks to have the "venue" for this action changed to Paducah and for Warden Randy White to be named as a defendant. However, this action is already assigned to the Paducah Division of the Western District of Kentucky and Warden Randy White has already been named as a Defendant. In addition, to the extent that Plaintiff seeks to have the caption of this action changed from "*Curtis v. Bradford et. al.*" to "*Curtis v. White et al.*," the Court finds this unnecessary. For these reasons, the Court will deny both of these motions as moot.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that all of Plaintiff's official-capacity claims and his individual-capacity claims against Defendants Paris, Morrison, and White are **DISMISSED** pursuant 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate Defendants Paris, Morrison, and White as parties to this action.

**IT IS FURTHER ORDERED** that Plaintiff's "motions for venue change, name change of defendant" (DNs 12 & 14) are **DENIED as moot**.

The Court will enter a separate Scheduling Order to govern the claim that has been allowed to proceed.

Date: August 12, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.011