**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH**

**TORI T. CURTIS**                                                                              **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 5:16-CV-P60-GNS**

**MICHAEL T. BRADFORD** *et al*.                                                 **DEFENDANTS**

**MEMORANDUM AND ORDER**

       This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Tori T. Curtis leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's second amended complaint (DN 23) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, Plaintiff's motion for leave to file a second amended complaint will be granted in part and denied in part.

       Plaintiff is a convicted prisoner who is incarcerated at Kentucky State Penitentiary (KSP). On April 25, 2016, Plaintiff filed this action against four KSP officials - Michael T. Bradford, Samantha M. Paris, William B. Morrison, and Warden Randy White. He sued these officials in both their individual and official capacities.

       In his complaint (DN 1) and first amended complaint (DN 8), Plaintiff alleged that Defendant Bradford had violated his rights by issuing a disciplinary charge against him in retaliation for Plaintiff filing a Prison Rape Elimination Act complaint against him. Plaintiff further alleged that Defendant Paris had violated his rights by inadequately investigating this charge, that Defendant Morrison had wrongfully found him guilty of this charge, and that Defendant White had wrongfully refused to overturn his conviction on appeal.

On August 15, 2016, the Court conducted an initial review of Plaintiff's complaint and first amended complaint and issued a Memorandum Opinion and Order (DN 15). In its initial review, the Court dismissed Plaintiff's official-capacity claims against all Defendants and his Fourteenth Amendment due process claims against Defendants Paris, Morrison, and White in their individual capacities for failure to state a claim upon which relief may be granted. The Court allowed Plaintiff's individual-capacity retaliation claim against Defendant Bradford to proceed.

In Plaintiff's second amended complaint, he essentially restates his allegations against each of these Defendants. However, he then clarifies that his retaliation claim is not only against Defendant Bradford, but also against Defendants Paris, Morrison, and White. Plaintiff states: "This is an retaliation claim on Defendants Michael T. Bradford, Samantha M. Paris, William B. Morrison, and Randy White, all of this that has happen to me is retaliation because of me and Bradford's first incident." He also states that "D.O.C. officers here at [KSP] tend to watch the other's backs when it's coming to dealing with inmates."

To the extent that Plaintiff restates his official-capacity claims against all Defendants and his Fourteenth Amendment due process claims against Defendants Paris, Morrison, and White in their individual capacities, the Court will deny his motion for leave to file a second amended complaint for the reasons set forth in the Court's prior Memorandum Opinion and Order. However, to the extent that Plaintiff seeks to add retaliation claims against Defendant Paris, Morrison, and White in their individual capacities, the Court will grant Plaintiff leave to amend his complaint. *See, e.g.*, *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007).

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's motion for leave to file a second amended complaint (DN 23) is **GRANTED in part and DENIED in part**.

(2) The Clerk of Court is **DIRECTED to add Samantha M. Paris, William B. Morrison, and Randy White as parties to this action.**

(3) **The Clerk of Court shall forward by certified mail, return receipt requested, one copy of the second amended complaint (DN 23), this Memorandum and Order, and the Revised Scheduling Order entered this date to the Justice & Public Safety Cabinet, Office of Legal Counsel, Frankfort, Kentucky.** General Counsel shall have **30 days** after receipt by certified mail of the second amended complaint and this Memorandum and Order to complete and return a notice of waiver of service for Defendants Samantha M. Paris, William B. Morrison, and Defendant Randy White.

(4) **Should counsel for the Justice & Public Safety Cabinet not represent any Defendant, the Court requests General Counsel to provide a forwarding or last known address for that Defendant so that it may ensure service.** If the address is not public record, counsel shall file it **under seal**.

(5) **The Clerk of Court is DIRECTED to prepare and issue summons** at the address provided by the Justice & Public Safety Cabinet for any Defendant for whom a waiver is not returned, and **the United States Marshal shall serve a copy of the second amended complaint (DN 23), this Memorandum and Order, the Revised Scheduling Order entered this date, and summons on that Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.**

(7)  Should Plaintiff receive notice that a summons is returned to the Court unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by providing additional information to the Court.  **Failure to do so within 90 days of entry of this Order may result in dismissal of the Defendant at issue.**  See Fed. R. Civ. P. 4(m).

(8)  The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties.  Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

A Revised Scheduling Order will be entered to govern all the claims that have been allowed to proceed in this action.

Date: December 14, 2016

Greg N. Stivers, Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendants
     Counsel of Record
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.011