UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**TORI T. CURTIS**                                                          **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 5:16-CV-P60-GNS**

**MICHAEL T. BRADFORD** *et al*.                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon three motions filed by *pro se* Plaintiff Tori T. Curtis – a motion requesting that his complaint not be dismissed (DN 31); a motion "to be able to sue defendants in their official capacity" (DN 34); and a motion to supplement his complaint (DN 35). The Court will consider each of these motions in turn.

### I. PROCEDURAL HISTORY

Plaintiff is a convicted prisoner incarcerated at Kentucky State Penitentiary (KSP). He initiated this 42 U.S.C. § 1983 action on April 25, 2016, by filing suit against four KSP officials in both their individual and official capacities. Upon its initial review of Plaintiff's complaint and first amended complaint, the Court dismissed Plaintiff's official and individual-capacity claims against every Defendant except Defendant Bradford, against whom the Court allowed an individual-capacity retaliation claim to proceed.

Plaintiff then filed a second amended complaint against the same Defendants (DN 23). The Court conducted its screening of this amended complaint on December 15, 2016, and allowed Plaintiff's newly stated retaliation claims to proceed against the other three Defendants – Defendants Warden White, Paris, and Morrison (DN 27).

## II. MOTION REQUESTING THAT COMPLAINT NOT BE DISMISSED (DN 31)

In Plaintiff's first motion, he states as follows: "I realize that my 21 days has past to respond on the defendant asking that the complaint be dismissed." He then explains that he did not timely respond to Defendants' "motion" because he was placed in protective custody for several days and did not have access to his legal materials. However, a review of the record reveals that Defendants have not filed a motion to dismiss or any other motion. For this reason, Plaintiff's motion requesting that his complaint not be dismissed will be denied as moot.

## III. MOTION TO SUE DEFENDANTS IN THEIR OFFICIAL CAPACITIES (DN 34)

In this motion, Plaintiff asks the Court to allow him to sue the named Defendants in their official capacities. Thus, it is essentially a motion to reconsider the Court's first initial review in which it dismissed the official-capacity claims against all Defendants.

The Court may reconsider interlocutory orders under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see also Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015). Reconsideration of an interlocutory order is appropriate where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/ Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959) (internal quotation marks omitted). The standard vests the Court with "significant discretion." *Rodriguez*, 89 F. App'x at 959 n.7.

Plaintiff seems to argue that the Court's decision dismissing his official-capacity claims constitutes a "manifest injustice." He writes:

> [The Defendants'] employer "Department of Corrections" has trained all of the Defendants to do their jobs and to be able to make professional decisions, to see what is right an what is wrong, what to write up an inmate for and what doesn't need to be wrote up. After these individuals has been trained an hired "Department of Corrections" is left with the decision if they feel or think this person is professional or not. So it makes those head-over Department of Corrections a participant!! . . . I am asking the Court to please allow me to sue all of the Defendants in their official capacity which their employer is those over D.O.C. "Department of Corrections." . . . . I the Plaintiff do respectfully ask the Court have all of the defendants and the head of Department of Corrections to each pay for all of the pain inflicted on me an them violating my constitutional rights. . . .

However, despite Plaintiff's allegations and argument regarding the Kentucky Department of Corrections and his desire to sue the four Defendants in their official capacities, the law simply does not permit such. As the Court explained in its first initial review (DN 15), because all Defendants are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, the Eleventh Amendment acts as a bar to claims for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, because Plaintiff seeks only monetary damages, the Court finds that his official-capacity claims against all Defendants were properly dismissed, and that his motion for reconsideration must be denied.

## IV. MOTION TO SUPPLEMENT THE COMPLAINT (DN 35)

In this motion, Plaintiff requests leave to add another retaliation claim against Defendant Morrison. This claim is premised upon Defendant Morrison acting as the "chairman/adjustment officer" at Plaintiff's January 5, 2017, disciplinary hearing on two new misconduct charges.

The Federal Rules of Civil Procedure permit a court, on just terms, to allow a party to a serve a supplemental pleading setting out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In determining whether to permit a party to supplement a complaint, a court must consider the following factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.

*Richardson v. Rose Transp., Inc.*, 617 F. App'x 480, 486 (6th Cir. 2015) (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

To set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Here, Plaintiff argues that Defendant Morrison should not have been permitted to act as a "judge" at Plaintiff's disciplinary hearing on the two new misconduct charges because he is a Defendant in this action. Plaintiff contends that Defendant Morrison's position as a "judge" at the hearing allowed him to retaliate against Plaintiff. More specifically, Plaintiff alleges that Defendant Morrison gave him "a maximum punishment of 30 days segregation time to do on one write-up and on the other one . . .15 days segregation time to do plus 90 days good time forfeited." Plaintiff then states: "I see the Parole Board towards the ending of this month of January and I feel that these write-ups will effect my chances of being able to make parole since it wasn't judged properly."

The Court is unable to discern a retaliation claim in Plaintiff's allegations. The exhibits submitted by Plaintiff show that although Plaintiff pled not guilty to charges of prostitution and inappropriate sexual behavior at the hearing, he admitted to committing the two acts with which he was charged. In addition, Plaintiff does not explain what adverse action Defendant Morrison actually took against Plaintiff in his role as the adjustment officer at Plaintiff's hearing, other than simply serving as the adjustment officer. For example, Plaintiff does not allege that the penalties he received for his misconduct were outside the normal or acceptable range of penalties issued to inmates who commit similar acts of misconduct. And although Plaintiff expresses concern that these new "write-ups" will affect his ability to receive parole, he does not allege that Defendant Morrison is the officer who actually issued the two "write-ups" to Plaintiff or even argue that he did not commit the acts of misconduct. For these reasons, the Court will deny

5

Plaintiff's motion to supplement his complaint to add a second retaliation claim against Defendant Morrison as futile.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion requesting that the complaint not be dismissed (DN 31) is **DENIED as moot**; Plaintiff's motion to sue Defendants in their official capacities is **DENIED** (DN 34); and Plaintiff's motion to supplement his complaint (DN 35) is **DENIED as futile.**

Date: February 21, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Counsel of Record
4416.011