UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00060-TBR

TORI T. CURTIS, PLAINTIFF

v.

MICHAEL T. BRADFORD, *et. al.*, DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on two motions by Plaintiff Tori Curtis. First, Curtis filed a motion requesting that the Court appoint him counsel for the upcoming trial in this matter, [DN 104.] Second, Curtis moves to supplement his complaint, [DN 105.] For the reasons discussed below, the Court **DENIES** both motions.

DISCUSSION

1. **Motion to Appoint Counsel**

Pursuant to 28 U.S.C. § 1915(e)(1), in proceedings in forma pauperis, "[t]he court may request an attorney to represent any person unable to afford counsel." Importantly though, "[t]he appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (emphasis added). When considering whether such "exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Id.* (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987) and *Poindexter v. Federal Bureau of Investigation*, 737 F.2d 1173, 1185 (D.C. Cir. 1984)). "This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)).

In support of his contention that counsel should be appointed to him in this case, Curtis states that he cannot afford an attorney and that "without one there is a lot that can go wrong, and a lot [he] might not understand." [DN 104 at 1.] With respect to Curtis's first argument, the fact that he is financially incapable of paying for counsel does not entitle him to representation in a civil case. As explained above, Plaintiff's right to representation is not constitutionally guaranteed in civil actions, *see Lanier*, 332 F.3d at 1006, and his economic circumstances, although certainly unfortunate, do not constitute the type of exceptional circumstances contemplated by the statute.

Next, with respect to Curtis's assertion that there is much involved with trials that he may not understand, the Court again sympathizes, but does not find that this warrants appointment of counsel. Curtis has proven himself capable of representing himself in this matter. He timely responded to Defendant's motion for summary judgment, attached affidavits from him and other inmates in support of his claims, and sought discovery from Defendant. [*See* DN 69; DN 71; DN 74; DN 77; 83; DN 84.] Curtis also filed pretrial compliance. [DN 102.] Moreover, the Court finds the claims involved in this case to be relatively straightforward: Curtis has one First Amendment retaliation claim against one Defendant, Michael Bradford. In light of the relatively uncomplicated nature of Curtis's claim and his demonstrated ability to represent himself in this case, the Court does not find that this case involves the sort of "exceptional circumstances" that warrant the appointment of counsel in a civil action. Accordingly, Curtis's motion is denied.

2. **Motion to Supplement Complaint**

Second, Curtis has moved to supplement his complaint in this matter by reinstating his claims against Samantha Wyatt, a Correctional Lieutenant at KSP, and William Morrison, Chairman of the Adjustment Committee at KSP. [DN 105.] However, the Court already

dismissed these Defendants in its Memorandum Opinion and Order granting in part and denying in part Defendants' motion for summary judgment. [*See* DN 93.] After the entry of that decision, only Defendant Bradford remained. The allegations Curtis makes concerning Wyatt and Morrison in his motion to supplement do not change the Court's finding that Curtis failed to establish "a causal link to explain why these Defendants might have had a motive to retaliate against Curtis on the basis of the PREA complaint Curtis made against *another individual*, Officer Bradford, four months earlier." [DN 93 at 9.]

Moreover, the Court finds that allowing Curtis to supplement his complaint at this late hour would be improper, as the trial in this matter is scheduled for September 24, 2018, little more than one month away. In determining whether the interests of justice support a grant of leave to amend, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).

As the Court indicated above, amendment would be futile here, as the Court already dismissed Wyatt and Morrison from this litigation and Curtis has not raised new evidence with regard to those Defendants in his motion to supplement. Additionally, the Court finds there is undue delay in Curtis's seeking leave to amend. The Court entered its Order dismissing Wyatt

and Morrison on May 23, 2018, [DN 93], and Curtis did not file the instant motion until almost three months later on August 15, 2018, [DN 105], with the trial in this matter just a month away. Allowing amendment at this time would prejudice Defendant. Accordingly, the Court will deny Curtis's motion to supplement.

CONCLUSION

For the reasons discussed in detail above, Curtis's motion to appoint counsel, [DN 104], is **DENIED**, and his motion to supplement his complaint, [DN 105], is **DENIED**.

**IT IS SO ORDERED**.

Date:

cc: Counsel

*Pro se* plaintiff
Tori T. Curtis
226115
EASTERN KENTUCKY CORRECTIONAL COMPLEX
RHU-Dorm 5-CL-14
200 Road to Justice
West Liberty, KY 41472